UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| JERRY T. DAVIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:23-cv-00031-TWP-KMB |
| | ) |
| OFFICER HARTLEY, | ) |
| LT. THOMAS, | ) |
| MAJ. O'LAUGHLIN, | ) |
| CAPT. LAND, | ) |
| SHERIFF NOEL, | ) |
| SHERIFF MAPLES, | ) |
| | ) |
| Defendants. | ) |

**ORDER SCREENING AND DISMISSING COMPLAINT AND
PROVIDING OPPORTUNITY TO AMEND**

Jerry T. Davis, an inmate at Clark County Jail, has filed a complaint alleging violations of his civil rights. Because Mr. Davis is incarcerated, the Court must screen his complaint before directing service on the defendants. 28 U.S.C. § 1915A. As explained below, Mr. Davis' complaint does not allege sufficient facts to state a federal claim. The Court will provide him with an opportunity to file an amended complaint before dismissing this lawsuit.

**I. Screening Standard**

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Complaint

The complaint names the following defendants: (1) Officer Hartley; (2) Lt. Thomas; (3) Maj. O'Loughlin; (4) Capt. Land; (5) Former Sheriff Noel; and (6) Sheriff Maples.

On November 25, 2022, Officer Hartley allegedly dispensed medication to Mr. Davis that was not prescribed to him. (Dkt. 1 at 2). The medication affected him adversely, causing nausea, headache, cold sweats, and fatigue. (*Id.*). Mr. Davis "believe[s] that this was done through reckless disregard for [his] health and safety. Do to inadequate training of jail officers that dispense medication. Do to inadequate supervision of staff & officers by the shift and jail supervisors." (*Id.* at 3). He alleges that each supervisory defendant "is responsible for their subordinates['] actions as the Ofc. who dispensed the wrong medication." (*Id.*).

Based on these allegations, Mr. Davis seeks compensatory damages and injunctive relief.

## III. Discussion

Applying the screening standard to the facts set forth in the complaint, Mr. Davis' complaint must be **dismissed for failure to state a claim.**

Mr. Davis alleges that Officer Hartley provided him with the incorrect medication on a single occasion in November 2022, causing him to suffer adverse side effects. This allegation might be sufficient to state a claim for negligence under Indiana tort law, but it is not sufficient to state a federal claim for deliberate indifference. A jail official is liable under the Eighth

Amendment[1] when by exhibiting deliberate indifference toward an inmate's health or safety. "Deliberate indifference may occur where a prison official, having knowledge of a significant risk to inmate health or safety, administers 'blatantly inappropriate' medical treatment." *Peterson v. Wexford Health Sources, Inc.*, 986 F.3d 746, 752 (7th Cir. 2021). "Deliberate indifference entails something more than mere negligence but something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." (*Id.*) (cleaned up).

Although Mr. Davis summarily states that he believes Officer Hartley acted "through reckless disregard for [his] health and safety," (*see* dkt. 1 at 2), this is a conclusory recitation of the deliberate indifference standard and is insufficient, without more, to state a federal claim. *See Iqbal*, 556 U.S. at 663 ("the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements."). The complaint does not include factual allegations that give rise to a reasonable inference that Officer Hartley's isolated mistake was anything more than inadvertent negligence.

Mr. Davis' allegation that the other defendants were liable for his injuries because they were supervisory officials also fails to state a claim. "Individual liability under § 1983 requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) (cleaned up) (citing *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault. An individual cannot be held liable in a § 1983 action unless he caused or participated

---

[1] The complaint does not state whether Mr. Davis was a convicted prisoner or a pretrial detainee at the time of the alleged misconduct in November 2022. The rights of pretrial detainees are generally governed by the Fourteenth Amendment, while the rights of convicted persons are generally governed by the Eighth Amendment. *Miranda v. County of Lake*, 900 F.3d 335, 350-54 (7th Cir. 2018). Because the language in the complaint tracks language associated with the Eighth Amendment deliberate indifference standard, the Court analyzes Mr. Davis' claims under the Eighth Amendment. Should he choose to file an amended complaint, Mr. Davis should state whether, at the time of the alleged misconduct, he was a pretrial detainee or a convicted prisoner serving a sentence.

in an alleged constitutional deprivation. . . . A causal connection, or an affirmative link, between the misconduct complained of and the official sued is necessary.")). This is to say, the fact that the other defendants supervised Officer Hartley or were in superior positions within the organization, without more, does not make these defendants liable under the Eighth Amendment for Officer Hartley's conduct in dispensing the wrong medication to Mr. Davis.

Mr. Davis could, potentially, sue supervisory jail officials for their failure to adequately staff or train officials at the jail. "Supervisors may be liable under § 1983 for a failure to train, but the circumstances are extremely limited. Negligence, or a 'should have known' standard, is not enough. Rather, the plaintiff must show that the defendant knew that his failure to train was likely to lead to constitutional violations." *Ghashiyah v. Frank*, No. 07-C-308-C, 2007 WL 5517455, at *2 (W.D. Wis. Aug. 1, 2007) (citing *Kitzman–Kelley v. Warner*, 203 F.3d 454, 459 (7th Cir. 2000), and *Butera v. Cottey*, 285 F.3d 601, 605 (7th Cir. 2002)). Ultimately, a plaintiff must show that the official knew that his training was inadequate to handle a particular situation and that a constitutional violation was likely without improvements. *Kitzman–Kelley v. Warner*, 203 F.3d 454 (7th Cir. 2000); *Robles v. City of Fort Wayne*, 113 F.3d 732 (7th Cir. 1997).

The complaint fails to meet this high bar. It does not allege that any defendants knew Officer Hartley's training was inadequate, that a constitutional violation was likely without improvements to this training, or that any of these supervisory defendants were responsible for providing Officer Hartley or other jail officials with this training. It merely alleges that Mr. Davis' injuries were due to "inadequate training of jail officers that dispense medication" and "inadequate supervision of staff & officers by the shift and jail supervisors." (Dkt. 1 at 2). These conclusory statements are insufficient to state a federal claim. *Iqbal*, 556 U.S. at 663.

### IV. Opportunity to Amend

The dismissal of the complaint will not in this instance lead to the dismissal of the action at present. "The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). In the interest of justice, the court will allow Mr. Davis to amend his complaint if, after reviewing this court's order, he believes that he can state a viable claim for relief related to the allegations he has already made. *See Tate v. SCR Med. Transp.*, 809 F.3d 343, 346 (7th Cir. 2015) ("We've often said that before dismissing a case under 28 U.S.C. § 1915(e)(2)(B)(ii) a judge should give the litigant, especially a pro se litigant, an opportunity to amend his complaint."); *Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013).

Mr. Davis shall have **through August 10, 2023, to file an amended complaint**.

The amended complaint must (a) contain a short and plain statement of the claim showing that the plaintiff is entitled to relief, which is sufficient to provide the defendant with fair notice of the claim and its basis; (b) include a demand for the relief sought; and (c) identify what injury he claims to have suffered and what persons are responsible for each such injury. In organizing his complaint, the plaintiff may benefit from utilizing the Court's complaint form. The **clerk is directed** to include a copy of the prisoner civil rights complaint form along with the plaintiff's copy of this Order.

Any amended complaint should have the proper case number, 4:23-cv-31-TWP-KMB, and the words "Amended Complaint" on the first page. The amended complaint will completely replace the original. *See Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017) ("For pleading purposes, once an amended complaint is filed, the original complaint drops out of the picture."). Therefore,

it must set out every defendant, claim, and factual allegation the plaintiff wishes to pursue in this action.

If Mr. Davis files an amended complaint, it will be screened pursuant to 28 U.S.C. § 1915A(b). If no amended complaint is filed, this action will be dismissed without further notice or opportunity to show cause.

**IT IS SO ORDERED.**

Date: 7/20/2023

*[signature]*

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

JERRY T. DAVIS
Clark County Jail
501 East Court Ave
Jeffersonville, IN 47130