UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| JERRY T. DAVIS, | ) |
|               Plaintiff, | ) |
|               v. | ) No. 4:23-cv-00031-TWP-KMB |
| OFFICER HARTLEY, | ) |
| LT. THOMAS, | ) |
| MAJ. O'LAUGHLIN, | ) |
| CAPT. LAND, | ) |
| SHERIFF NOEL, | ) |
| SHERIFF MAPLES, | ) |
|               Defendants. | ) |

**ORDER SCREENING AMENDED COMPLAINT, DIRECTING SERVICE OF PROCESS, AND DENYING PREMATURE MOTION FOR DISCOVERY**

Jerry T. Davis, an inmate at McCreary U.S. Penitentiary, filed a complaint alleging violations of his civil rights while he was incarcerated at the Clark County Jail. The Court dismissed his complaint and provided him an opportunity to file an amended complaint. Dkt. 14. Because Mr. Davis is incarcerated, the Court must screen his amended complaint before directing service on the defendants. 28 U.S.C. § 1915A.

### I. Screening Standard

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Amended Complaint

The amended complaint names the following defendants: (1) Officer Hartley; (2) Lt. Thomas; (3) Maj. O'Loughlin; (4) Capt. Land; (5) Former Sheriff Noel; and (6) Sheriff Maples. The amended complaint alleges that on November 25, 2022, Officer Hartley knowingly dispensed medication to Mr. Davis that was not prescribed to him. The medication affected him adversely, causing nausea, headache, cold sweats, and fatigue. An affidavit filed alongside his complaint states that Officer Hartley refused to provide medical assistance when he told her the medication had made him ill. He alleges that each supervisory defendant is responsible for the harm Officer Hartley caused because they failed to provide sufficient training.

Based on these allegations, Mr. Davis seeks compensatory damages and injunctive relief.

## III. Discussion of Claims

Applying the screening standard to the factual allegations in the complaint, certain claims are dismissed while other claims shall proceed as submitted.

First, all claims against the supervisory defendants for failure to train and supervise Officer Hartley are **dismissed** for failure to state a claim. "Individual liability under § 1983 requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) (cleaned up) (citing *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983) ("Section 1983 creates a cause of action based on personal liability and predicated

upon fault. An individual cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation. . . . A causal connection, or an affirmative link, between the misconduct complained of and the official sued is necessary.")). This is to say, the fact that the other defendants supervised Officer Hartley or were in superior positions within the organization, without more, does not make these defendants liable for Officer Hartley's conduct in dispensing the wrong medication to Mr. Davis.

"Supervisors may be liable under § 1983 for a failure to train, but the circumstances are extremely limited. Negligence, or a 'should have known' standard, is not enough. Rather, the plaintiff must show that the defendant knew that his failure to train was likely to lead to constitutional violations." *Ghashiyah v. Frank*, No. 07-C-308-C, 2007 WL 5517455, at *2 (W.D. Wis. Aug. 1, 2007) (citing *Kitzman–Kelley v. Warner*, 203 F.3d 454, 459 (7th Cir. 2000), and *Butera v. Cottey*, 285 F.3d 601, 605 (7th Cir. 2002)). Ultimately, a plaintiff must show that the official knew that his training was inadequate to handle a particular situation and that a constitutional violation was likely without improvements. *Kitzman–Kelley v. Warner*, 203 F.3d 454 (7th Cir. 2000); *Robles v. City of Fort Wayne*, 113 F.3d 732 (7th Cir. 1997).

The complaint fails to meet this high bar. It does not allege that any defendants knew Officer Hartley's training was inadequate or that a constitutional violation was likely without improvements to this training.

Second, Mr. Davis's damages claim against Officer Hartley shall proceed. The complaint does not state whether Mr. Davis was a convicted prisoner or a pretrial detainee at the time of the alleged incident. If he was a pretrial detainee, his claim shall proceed under the Fourteenth Amendment. If he was a convicted prisoner, his claim shall proceed under the Eighth Amendment. *Miranda v. County of Lake*, 900 F.3d 335, 350-54 (7th Cir. 2018). This is the only viable claim

identified by the Court. All other claims have been dismissed. If the plaintiff believes that additional claims were alleged in the amended complaint, but not identified by the Court, he shall have **through November 2, 2023,** in which to identify those claims.

The **clerk is directed** to terminate defendants Thomas, O'Laughlin, Land, Noel, and Maples on the docket.

### IV. Service of Process

The **clerk is directed** pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to defendant Hartley in the manner specified by Rule 4(d). Process shall consist of the amended complaint (dkt. [15]), applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

Nothing in this Order prohibits the filing of a proper motion pursuant to Rule 12 of the Federal Rules of Civil Procedure.

Mr. Davis's motion for documentary evidence, dkt. [8], is **denied as premature**. After the defendant responds to the amended complaint, the Court will issue a Scheduling Order to facilitate discovery.

**IT IS SO ORDERED.**

Date: 10/4/2023

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

JERRY T. DAVIS
#17592-028
MCCREARY - USP
MCCREARY U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 3000
PINE KNOT, KY 42635

OFFICER HARTLEY
CLARK COUNTY JAIL
501 East Court Avenue
Jeffersonville, IN 47130