UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| JERRY T. DAVIS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 4:23-cv-00031-TWP-KMB |
| OFFICER HARTLEY, | ) ) ) |
| Defendant. | ) |

**ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**

Jerry T. Davis, an inmate at McCreary U.S. Penitentiary, alleges that defendant Officer Hartley violated his constitutional rights when he was incarcerated at the Clark County Jail. Specifically, Mr. Davis contends that she gave him the wrong medication and denied him medical treatment when the medication made him sick. Officer Hartley has moved for judgment on the pleadings. Mr. Davis did not respond, and the time to do so has passed.

Officer Hartley argues that Mr. Davis's allegation that she gave him the wrong medication on one occasion and acknowledged her mistake the next time she saw him is insufficient to state a constitutional claim against her. But because Mr. Davis also alleges that Officer Hartley denied him access to medical treatment when he told her that he was ill because of the medication mistake, Officer Hartley's motion to dismiss must be **denied**.

A motion for judgment on the pleadings is evaluated under the same standard as a Rule 12(b)(6) motion to dismiss, *Katz-Crank v. Haskett*, 843 F.3d 641, 646 (7th Cir. 2016), so the Court reviews the pending motion under the Rule 12(b)(6) standard. A defendant may move under Federal Rule of Civil Procedure 12(b)(6) to dismiss claims for "failure to state a claim upon which relief can be granted." To survive a Rule 12(b)(6) motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A facially plausible claim is one that allows "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* When ruling on a 12(b)(6) motion, the Court will "accept the well-pleaded facts in the complaint as true," but will not defer to "legal conclusions and conclusory allegations merely reciting the elements of the claim." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011).

The Court's screening order considered Mr. Davis's sworn affidavit, which he filed with his complaint. That affidavit alleges that Officer Hartley gave Mr. Davis the wrong medication. Dkt. 16 at 3. The next morning, he awoke with a severe headache and experienced hot and cold flashes. *Id*. He submitted a healthcare request but received no response. *Id*. at 3-4. Officer Hartley acknowledged her error when she returned a few days later to again administer medication, but she ignored Mr. Davis's request for help when he told her he was "very sick" from the medication. *Id*. at 5.

Officer Hartley relies on Mr. Davis's testimony that she told him she had made a mistake to support her motion to dismiss, but she does not address his testimony that she ignored his request for assistance when he was still ill from the medication. Officer Hartley also assumes that Mr. Davis's claim is proceeding under the more stringent Eighth Amendment standard. But as the Court noted in its screening order, the complaint does not indicate whether Mr. Davis was a pretrial detainee or convicted inmate at the time of the alleged incident. If he was a pretrial detainee, his claim proceeds under the Fourteenth Amendment's objective unreasonableness standard. If he was a convicted prisoner, his claim proceeds under the Eighth Amendment's deliberate indifference standard. *Miranda v. County of Lake*, 900 F.3d 335, 350-54 (7th Cir. 2018). Mr. Davis's allegations that Officer Hartley gave him the wrong medication and then ignored his request for medical attention when

the medication made him ill are sufficient to support either an Eighth Amendment or Fourteenth Amendment claim.

For this reason, Officer Hartley's motion for judgment on the pleadings, dkt. [30], is **denied**.

IT IS SO ORDERED.

Date: 3/22/2024

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

JERRY T. DAVIS
#17592-028
MCCREARY - USP
MCCREARY U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 3000
PINE KNOT, KY 42635

R. Jeffrey Lowe
KIGHTLINGER & GRAY, LLP (New Albany)
jlowe@k-glaw.com